IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |  |
|---|---|---|
| NATHANIEL K. SINGLETON, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-02-713 |
| | § | |
| OFFICER A. THOMPSON | § | |

## REPORT AND RECOMMENDATION

Plaintiff Nathaniel K. Singleton, an inmate of the Texas Department of Criminal Justice, Institutions Division, filed this civil rights complaint pursuant to 42 U.S.C. § 1983, complaining of excessive use of force suffered at the hands of Defendant, Thompson, during his incarceration at the Darrington Unit. Now before the Court is Defendant Thompson's Motion to Dismiss, filed pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court, having considered the Motion and reviewed the complaint of Plaintiff, together with relevant pleadings and his response to the Motion, now submits the following recommendation to the District Judge.

Plaintiff alleges that on or about March 20, 2002, he was informed that he would be sharing his cell with another inmate, Haggar. Plaintiff and inmate Haggar each informed correctional officer, Defendant Thompson, that they did not get along and should not be housed in the same cell, but inmate Haggar was moved into Plaintiff's cell nonetheless. On March 20, 2002, inmate Haggar alerted Thompson to their cell. When the cell door rolled open, inmate Haggar immediately ran out of the cell; Thompson allegedly entered the cell, slammed Plaintiff to the floor, kicked him, hit him with a night stick, and handcuffed him. As a result, Plaintiff suffered lacerations to the face, a fractured rib and emotional distress. In his answers to interrogatories, Plaintiff included a Radiology Report from UTMB Managed Care (instrument no. 15), dated March 20, 2002, which states that Plaintiff had a

1

fracture of the left 9th rib laterally. Defendant has moved for dismissal claiming Plaintiff attacked him, and any minor injury Plaintiff may have suffered was due to Defendant's attempt to restrain him.

A Motion to Dismiss for failure to state a claim is viewed with disfavor and is rarely granted. *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). Such a dismissal is proper only where there is either a "lack of cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In resolving a Rule 12(b)(6) Motion to Dismiss, the Court accepts as true all well-pleaded allegations in the complaint and views them in a light most favorable to the Plaintiff. *See Malina v. Gonzales*, 994 F.2d 1121, 1125 (5th Cir. 1993). Applying the foregoing legal precedent to the claims brought by Plaintiff against Defendant Thompson, this Court is of the opinion that Defendant's Motion to Dismiss should be denied.

For a prisoner to state a claim for use of excessive force under the Eighth Amendment, the prisoner must show that the force was not applied in a good faith effort to maintain or restore discipline, but rather was administered in a malicious or sadistic manner to cause harm; further, the prisoner must show some injury, but the injury need not be "significant." *Rankin v. Klevenhagen*, 5 F.3d 103 (5th Cir. 1993).

A Section 1983 claimant must allege specific facts supporting a cognizable constitutional violation to avoid dismissal. *Brinkmann v. Johnston*, 793 F.2d 111 (5th Cir. 1986). Plaintiff has alleged specific facts that would support a cause of action for excessive use of force in violation of the Eighth Amendment. While this Court expresses absolutely no opinion on whether Singleton's complaint will survive a summary judgment motion, in whole or in part, it is the **RECOM-**

**MENDATION** of this Court that the pending Motion to Dismiss under Rule 12(b)(6) (Instrument no. 24) be **DENIED**.

The Clerk shall send a copy of this Report and Recommendation to the parties who have until **August 8, 2004,** in which to have written objections physically on file in the Office of the Clerk. <u>The Objections **SHALL** be mailed to the United States District Clerk, P.O. Drawer 2300, Galveston, Texas 77553</u>. **Any Objections filed SHALL be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge"**, which will then be forwarded to the District Judge for consideration. Failure to file written objections within the prescribed time shall bar an aggrieved party from attacking on appeal the proposed factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this the ____19th____ day of July, 2005.

_____
John R. Froeschner
United States Magistrate Judge