IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| NATHANIEL KEITH SINGLETON | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-02-713 |
| | § | |
| OFFICER A. THOMPSON | § | |

**O R D E R**

      Before the Court for its Order of Acceptance is a Report and Recommendation of the United States Magistrate Judge, entered on July 10, 2005, which recommends that Defendant Thompson's Motion to Dismiss be denied.  Defendant has filed objections to the Report and Recommendation, arguing that the Motion must be granted based on his entitlement to Eleventh Amendment and qualified immunities.

      In addition to barring a suit in federal court by a citizen of a state against his own state or against a state agency or department, Eleventh Amendment immunity also has a jurisdictional effect; it deprives a federal court of jurisdiction to hear a suit against a state.  *Warnock v. Pecos County, Tex.,* 88 F.3d 341, 342 (5th Cir. 1996).  This immunity extends to suits for monetary damages against state officials in their official capacity.  *Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health and Human Resources*, 532 U.S. 598, 609 n. 10 (2001).  Accordingly, Plaintiff's claims for monetary damages against Defendant Thompson in his official capacity will be dismissed.

      With respect to Defendant's objection regarding his entitlement to qualified immunity, the objection is without merit.  As already stated by the Magistrate Judge, the Court, in resolving a Rule 12(b)(6) Motion to Dismiss, accepts as true all well-pleaded allegations in the Complaint and views them

in a light most favorable to the Plaintiff. Plaintiff has asserted that he was beaten by Defendant Thompson and included an x-ray report stating that he suffered a fractured rib. This is direct evidence of excessive use of force which may constitute cruel and unusual punishment contrary to the Eighth Amendment. *See Hudson v. McMillian*, 503 U.S. 1 (1992). In his Motion to Dismiss, Defendant relies largely on "records [w]hich reveal a Use of Force incident occurred on that date in which force was used to restore order after Plaintiff attempted to assault both another inmate and Officer Thompson." The record of this case, however, contains to Use of Force records described by Defendant. In the absence of such records, the Court must rely on Plaintiff's *pro se* allegations, which must be liberally construed in his favor.

After *de novo* review pursuant to 28 U.S.C. §636 (b)(1)(C), this Court is of the opinion that the Report and Recommendation of the Magistrate Judge should be, and it is hereby, **ACCEPTED** in its entirety and incorporated by reference herein. It is the **ORDER** of this Court that Defendant's Motion to Dismiss (Instrument no. 24) is **DENIED,** and all claims against **Defendant Thompson** in his official capacity are **DISMISSED.**

**DONE** at Galveston, Texas, this the 25th day of August, 2005.

_____
Samuel B. Kent
United States District Judge